### In re COLE JEWELRY CO.

### Intervention of RICHARDSON.

(District Court, N. D. Georgia. March 15, 1917. On Motion for Rehearing, April 3, 1917.)

#### No. 5642.

BANKRUPTCY ⚫═345—CLAIMS—PRIORITIES—RENT.

Where a bankrupt's landlord had a distress warrant issued and levied, and a person representing four or five of the largest creditors of the bankrupt, but not all of the creditors, went into control of the business, the landlord was entitled to a lien or right of priority against goods levied on and not sold, and accounts which could be identified as covering articles levied on, but had no such right as against the general fund, because of the commingling of assets in the store.

In Bankruptcy. In the matter of the Cole Jewelry Company, bankrupt. On intervention by Mrs. Josephine Inman Richardson. Claim allowed in part, and denied in part.

⚫═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Rosser, Slaton, Phillips & Hopkins, of Atlanta, Ga., for trustee in bankruptcy.

Robert C. & Philip H. Alston, of Atlanta, Ga., for claimant.

NEWMAN, District Judge. I have gone through this case pretty carefully, and I am satisfied that the action of the referee was right, except probably as to the amount of the claim. A careful investigation of the balance due Mrs. Richardson for rent—that is, rent that was due at the time the distress warrant was issued—shows the amount to have been $201 principal, and interest, which, as I have calculated, makes the gross amount, principal and interest to date, $270.19. Mrs. Richardson is undoubtedly entitled to her lien for this amount on the articles set out in Exhibit A, attached to the referee's certificate, and the balance due on the accounts set out in Exhibit B, also attached to the referee's certificate. These two amounts together are sufficient on their face to more than pay Mrs. Richardson's claim. Whether that much can be realized, or not, it is impossible to say.

I do not see how any other claim of a lien for her can be upheld, unless it can be determined that Slocum Ball went into control of the business and in charge of the stock as the representative of the creditors generally. Undoubtedly he represented four or five of the creditors, and a majority in amount of all the creditors; but the evidence fails to show that he was there as the representative of the creditors generally. If he had been, the result here would be entirely different. The creditors who put Ball there, and who are responsible, in a way, for what he did in connection with the matters in issue here, perhaps ought to be required to share Mrs. Richardson's loss, if, in this bankruptcy proceeding, there was any way to get at them separately; but I do not see how that can be done here in any proper or just manner.

The attempt to create a trust here, as proposed by counsel for Mrs. Richardson, or the rights arising from commingling the assets in the store, cannot, as I see it, be sustained. The only clear right that I can see to priority is on the articles and accounts I have referred to, and even this assumes the levy to have been valid, about which there is some doubt at least. I think it is right, under the facts and circumstances surrounding this matter, to allow the lien to the extent I have indicated.

The action of the referee, except as to the amount, is approved, and he should find, as we make it here, that Mrs. Richardson is entitled to a lien of $270.19 on the articles and the accounts to which I have referred, giving her, of course, the same rights as to the accounts that the trustee would have.

## On Motion for Rehearing.

Since this motion for a rehearing on Mrs. Richardson's intervention was filed, I have gone over the evidence in this case again very carefully, and I am satisfied that, under all the evidence here as to the facts in connection with this claim, the levy of the distress warrant, the receipt given by Mr. Slocum Ball, and his relation to the store and to the whole transaction, I made no mistake in determining this case

on March 15, 1917. Indeed, I am fully satisfied with the correctness of that decision.

Slocum Ball was the representative, at the most, of only five creditors, although they were large creditors, and there were a number of other creditors; and I do not see how Mrs. Richardson can have any rights as against the general fund arising from the sale of the stock of goods, unless Ball represented the creditors generally. The articles found and identified in the store, and the accounts owing for goods sold, which were identified as having been a part of the goods levied on, is the extent, in my opinion, to which her rights go. I do not think there was any recognition particularly of a trust, on the part of the court, as to articles sold which had been levied on; but her right to those accounts was recognized because the articles sold and covered by those accounts had been identified as part of the property on which the sheriff made his levy. If the levy be sustained, as it has been both by the referee and by the court, her right as to those accounts is as clear to my mind as her right to the particular articles of jewelry which had not been sold, and which were part of the goods levied on.

Therefore, being satisfied that the decision heretofore made is correct, the motion for a rehearing must be, and the same is hereby, denied.